UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Johnnie D. Cook,                                                Case No. 3:21-cv-355

              Plaintiff,

v.                                                                      ORDER

Mr. Walters, *et al.*,

              Defendants.

On February 12, 2021, *pro se* Plaintiff Johnnie D. Cook filed suit against Ohio Governor Mike DeWine, Annette Chambers-Smith (Director of the Ohio Department of Rehabilitation and Correction ("ODRC")), Harold May (Warden of the Toledo Correctional Institution ("ToCI")), and two ToCI staff members (Mr. Robinson and Mr. Walters). (Doc. No. 4). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, I dismissed all of Cook's claims except for his First Amendment retaliation claim against Walters in his individual capacity. (Doc. No. 9).

Walters then filed a motion to dismiss the remaining claim pursuant to Rule 12(b)(6). (Doc. No. 12). After Walters's motion was fully briefed, Cook filed a motion to dismiss this case. (Doc. No. 19). Cook did not identify any basis for dismissal of the case, stating only "[n]ow comes Plaintiff, Johnnie D. Cook[, who] moves this honorable Court to dismiss the above [captioned] case." (*Id.* at 1).

Walters construes Cook's motion as a motion for voluntary dismissal without prejudice, and he argues Cook's motion appears to be evidence of an attempt to abuse the judicial system, as he has filed identical motions in at least five other federal court cases. (Doc. No. 20). Walters contends I

should instead dismiss this case with prejudice to "help slow what appears to be an abuse of the judicial system by this plaintiff." (*Id.* at 2). Walters also suggests Cook's motion may be an attempt to avoid obtaining "three strikes" and losing his ability to proceed without prepayment of the civil case filing fee. (*Id.* at 1).

While I acknowledge Walters's concerns may have some validity, I conclude he fails to show it would be appropriate to deny Cook's motion and to dismiss his complaint with prejudice. Under Rule 41, a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Walters has filed neither an answer nor a motion for summary judgment and, therefore, the Federal Civil Rules provide Cook with the ability to dismiss his claims without prejudice.

Moreover, as a practical matter, Cook's notice of dismissal serves, or at least does not hinder, the goals for which Walters advocates. Section 1983 claims arising in Ohio are subject to a two-year limitations period. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). The events underlying this litigation occurred in 2020, (*see* Doc. No. 4), and thus it is likely the statute of limitations will prohibit Cook from attempting to refile these claims.

Finally, as Walters suggests, it appears Cook already has collected "three strikes" against him. Section 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Cook has had at least three such dismissals already. *See* Report and Recommendation, *Cook v. Cool*, No. 1:17-cv-765, Doc. No. 5 (S.D. Ohio Dec. 8, 2017), *adopted by* Order (S.D. Ohio Jan. 8,

2018) (dismissing complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); Memorandum Opinion and Order, *Cook v. Erdos*, No. 1:18-cv-341 (S.D. Ohio July 17, 2018) (dismissing Cook's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); Memorandum Opinion and Order, *Cook v. Davis*, No. 1:19-cv-624 (S.D. Ohio June 9, 2020) (same).

Therefore, I grant Cook's motion and dismiss this case without prejudice pursuant to Rule 41. (Doc. No. 19). All other pending motions, (Doc. Nos. 12, 13, and 15), are denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge